```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
RUDY BONGIORNO,

                          Petitioner,                 22-mc-211 (PKC)

          -against-                                   OPINION AND ORDER

UNITED STATES OF AMERICA,

                          Respondent.
-----------------------------------------------------------x
```

CASTEL, U.S.D.J.

On November 9, 2022, petitioner Rudy Bongiorno filed a notice of appeal from this Court's Opinion and Order of October 11, 2022 (the "October 11, 2022 Order") denying his petition for return of property. He separately moves for reconsideration of the October 11, 2022 Order and to amend his petition. (Doc 19, 21.) Those motions will be denied.[1]

After reviewing the record of the proceedings arising out of the criminal prosecution of Mr. Bongiorno's spouse, this Court concluded that the October 19, 2016 Final Order of Forfeiture entered by Judge Swain as part of the criminal proceeding foreclosed any claim he may have once had to assets covered by that Order. United States v. Annette Bongiorno, 10-cr-228 (LTS) (Doc 1473). This Court noted that Mr. Bongiorno was represented by counsel in the forfeiture proceeding and that he and his lawyer both signed the 31-page Amended Preliminary Order of Forfeiture that became the foundation for the Final Order of Forfeiture. This Court also noted that Mr. Bongiorno did not appeal the entry of the Final Order of Forfeiture.

---

[1] If and to the extent the Court lacks jurisdiction to decide the motion to amend during the pendency of the appeal, the Court's ruling should be treated as an indicative ruling on how it would rule in the event of a remand.

Mr. Bongiorno's opening submission principally relied on Rule 41(g), Fed. R. Crim. P., which enables "[a] person aggrieved . . . by the deprivation of property" to move for the property's return. A motion brought under Rule 41(g) after termination of criminal proceedings is treated "as a civil complaint for equitable relief." Bertin v. United States, 478 F.3d 489, 493 (2d Cir. 2007). Mr. Bongiorno cites no support for the proposition that, after a final appealable order adjudicating an individual's right to property has been entered, a person may invoke Rule 41(g) to collaterally attack, modify or vacate that order. As discussed in the October 11, 2022 Order, with the representation of counsel, Mr. Bongiorno expressly consented to the Amended Preliminary Order of Forfeiture and did not object to or appeal from the Final Order of Forfeiture. This is to be distinguished from an applicant who asserts that the government mistakenly or wrongfully seized his property. See Fuller v. United States, 2022 WL 14058660, at *7 (E.D.N.Y. Oct. 24, 2022) ("Having voluntarily agreed to forfeit the property he is now seeking, [movant's] Rule 41(g) motion as to that property fails.") (Cogan, J.).

Noting that Mr. Bongiorno also had invoked Rule 60(b)(6) in his reply memorandum, the October 11, 2022 Order analyzed whether he had any basis for relief from the Final Order of Forfeiture under that rule. The Court concluded that the nearly six-year period from the filing of the Final Order to the filing of the present petition was not reasonable, after taking account of Mr. Bongiorno's assertion of governmental overreach and duress, including threats to imprison his wife. This Court noted that "any 'threat[]' of prison time for his wife long ago became a reality upon sentencing by Judge Swain on December 9, 2014." (October 11 Order at 4.) The Court also concluded that his petition did not allege extraordinary circumstances or extreme hardship: "The mere assertion that a negotiated resolution, as was the

case in the Amended Preliminary Order, was imprudent or less than what he might have received in a litigated outcome is neither an extraordinary circumstance nor extreme hardship." (Id.)

In a memorandum filed by his lawyer (Doc 20), Mr. Bongiorno refines or expands on certain assertions previously advanced (see, e.g., Bongiorno Decl. of Aug. 5, 2022, at Doc 5) or known or knowable to him at the time the Final Order of Forfeiture was entered, including that the E-Trade account was in his sole name and there was never proof that any stock he purchased was traceable to the commission of his wife's offense, that he relied on government assertions that there was such evidence, that the trustee for the liquidation of certain Madoff-related assets never performed a "traceability analysis," that he was unable to retain conflict-free counsel because all of his accounts had been seized, and that the attorney who represented him on the Amended Preliminary Order of Forfeiture was ineffective and not experienced in complex civil forfeiture matters. Matters that are "new" – Bongiorno's February 26, 2016 retainer agreement with the attorney who represented him on the Amended Preliminary Order of Forfeiture, a copy of E-Trade account statements and account information going back to January 1, 2011, and a printout from the trustee's analysis of accounts – do not fundamentally alter the mix of information or outweigh the interests in finality.

None of the foregoing, taken as true, would justify reopening the Final Order of Forfeiture entered more than six years ago. The Second Circuit has reminded district courts that on a Rule 60(b) motion, the reasons advanced for reopening the order or judgment must be balanced against the interest in finality. See United States v. International Brotherhood of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001) ("A [Rule 60(b)] motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances."); Kotlicky v. U.S. Fidelity and Guaranty Co., 817 F.2d 6, 9 (2d Cir. 1987) ("a

- 4 -

court must balance the policy in favor of hearing a litigant's claims on the merits against the policy in favor of finality."); PRC Harris, Inc. v. Boeing Co., 700 F.2d 894, 897 (2d Cir. 1983) ("In considering whether a Rule 60(b)(6) motion is timely, [a court] must scrutinize the particular circumstances of the case, and balance the interest in finality with the reasons for delay.").

Taking all of the circumstances asserted in the original petition and in the present motions into account, the Court concludes the interest of finality substantially outweighs the proffered reasons for delay. On this record, there is no reason to grant an evidentiary hearing or to permit a further amendment of the petition in the manner tendered to the Court (Doc 21). The Court adheres to its October 11 Order.

The motions (Doc 19 & 21) are DENIED. The Clerk shall terminate the motions and close the case.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       November 29, 2022